**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**CARL CONSOLVO,**<br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br>**Case No. 2:98-CR-323-DAK**<br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motions to Reduce Sentence under the First Step Act of 2018, 18 U.S.C. § 3582(c) [ECF Nos. 78 & 81]. Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant requests that the court release him from custody because a recent blood test indicates that he might have blood cancer and he was sentenced to stacked consecutive sentences for multiple convictions of using firearms during violent crimes. The United States filed an opposition to Defendant's motion, and the United States Probation Office provided First Step Act Relief Eligibility Report and Recommendation to the court.

The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion directly with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v.*

*Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Although not jurisdictional, the exhaustion requirement set forth in § 3582(c)(1)(A) is a mandatory claim-processing rule that district courts must enforce when the government invokes it. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). As such, the exhaustion rule cannot be judicially waived for equitable considerations, such as "a finding that exhaustion would be futile." *United States v. Johnson*, 849 F. App'x 750, 752-53 (10th Cir. 2021).

In this case, Defendant acknowledges the exhaustion requirement and submits a letter from his Warden denying his request for compassionate release. But Defendant's request to his Warden was based on extensive programming efforts, while his current motion is based on two unrelated grounds. The Tenth Circuit has held that a defendant may not raise new grounds for compassionate release to the court that was not presented to the warden. *United States v. Gieswein*, 832 F. App'x 576, 577-78 (10th Cir. 2021) (unpublished). According to this Tenth Circuit law, Defendant has failed to exhaust his administrative remedies.

Even if Defendant had satisfied the exhaustion requirement, he has not presented extraordinary or compelling reasons to reduce his sentence. Defendant has not been diagnosed with blood cancer and appears to be receiving adequate medical care by the BOP. Because Defendant has not alleged or established that the BOP cannot adequately address his medical needs," he cannot justify release from custody. In addition, his stacked sentences are not a basis for compassionate release after the Supreme Court's decision in *Rutherford v. United* States, 146 S. Ct. 1320, 1326 (2026) (holding that defendant with stacked Section 924(c) sentences could not invoke subsequent reduction of the minimum penalties as a basis for compassionate release). Accordingly, the court concludes that Defendant has not met his burden for establishing his entitlement to compassionate release.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motions to Reduce Sentence Under 18 U.S.C. § 3582(c) [ECF No. 78 & 81] are DENIED.

Dated this 20th day of October 2026.

BY THE COURT:

DALE A. KIMBALL
United States District Judge